## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONGDONG XIA,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. CIV-26-822-J** |
| **TODD M. LYONS, et al.,** | ) |
| | ) |
| **Respondents.**[1] | ) |
| | ) |

## REPORT AND RECOMMENDATION

Petitioner Dongdong Xia, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 11, and Petitioner replied, Doc. 12.[4] So the matter is at issue.

---

[1]    Respondent Warden Chris Gantt is not a federal official, and the response is not filed on his behalf. *See* Doc. 11, at 7 n.1.

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[4]    Although alternatively stylized as a "Traverse," *see* Doc. 12, "[i]n habeas corpus pleadings, the terminology of petition, return, and traverse, has historically been used to designate, respectively, the petitioner['s] opening

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, Doc. 1, and traverse, Doc. 12, in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    Factual background and Petitioner's claims.

Petitioner is a citizen of China who entered the United States on or about November 23, 2023. Doc. 11, at 7 (citing Ex. 1); *see also* Doc. 1, at 5. On December 6, 2023, Petitioner filed an Application for Asylum and Withholding of Removal. Doc. 11, at 7 (citing Ex. 2). On March 10, 2026, Petitioner was encountered and detained by Oklahoma law enforcement after a traffic stop. *Id.* (citing Ex. 3). He was then transported to the Logan County jail, turned over to Immigration & Customs Enforcement (ICE), and served with an arrest warrant. *Id.* (citing Exs. 3 & 4). Petitioner maintains that he was detained without probable cause. Doc. 1, at 7.[5]

---

submission seeking relief, the government's answer, and the petitioner's reply." *Clemons v. United States*, 2004 WL 2212017, at *1 n.1 (D. Del. Sept. 10, 2004).

[5]    Petitioner does not raise warrantless arrest as a basis for relief, and the Government has provided a copy of Petitioner's arrest warrant, issued on the same day he was detained. Doc. 11, Ex. 4.

On March 30, 2026, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA) charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), placing him into removal proceedings.[6] Doc. 11, Ex. 1.

Petitioner is currently detained at the Cimarron Correctional Facility. Doc. 11, at 8. On March 31, 2026, the Immigration Court denied Petitioner's request for a bond hearing, citing lack of jurisdiction. *Id.*[7]

He challenges his "continued detention without a meaningful opportunity to seek release" and maintains that his detention without said opportunity "violates fundamental constitutional principles." Doc. 1, at 11. He asserts that he "is subjected to potentially indefinite detention without any individualized determination of flight risk or danger," which violates his due process rights and exceeds DHS's statutory authority. *Id.* at 12. He asks the

---

[6]     Section 1182(a)(6)(A)(i) provides that a noncitizen who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General is ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(6)(A)(i).

[7]     In *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals (BIA) held that those who entered the country without admission or parole are ineligible for a bond hearing and are detained under 8 U.S.C. § 1225(b)(2)(A). *Hurtado* is not binding on this Court. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("[C]ourts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

Court to order Respondents to immediately release him or in the alternative, order a prompt individualized bond hearing before a neutral decision-maker. *Id.* at 14.

## II.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Discussion.

### A.    Section 1226 governs Petitioner's detention.

This Court should reject, as it has before, Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). *Rawal v. Figueroa,* No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026) ("This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation." *(*citing *Coreas v. Noem*, No. CIV-26-

4

151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases)));

*see, e.g.*, *Lopez v. Corecivic Cimarron Corr. Facility*, No. 25-1175-SLP, 2026 WL

165490, at *5 (W.D. Okla. Jan. 21, 2026) (collecting cases in this judicial

district concluding that § 1225(b)(2) does not govern the petitioner's detention).

The Court further adopts the reasoning set forth in *Coreas*, where this Court

has previously addressed, in a more detailed Order, these same issues. In doing

so, the Court joins the decision reached by the vast majority of district courts

in this judicial district, in district courts within the Tenth Circuit[8] and across

the country[9] to have addressed the same issues as those raised by Petitioner.[10]

The Court's decision is also in accord with the Second Circuit, which has

rejected the statutory interpretation of § 1225(b)(2) urged by Respondents. *See*

*generally Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *see also Lopez-Campos*

*v. Raycraft,* 175 F.4th 713, 731-32 (6th Cir. 2026); *Hernandez Alvarez v.*

---

[8]   *See, e.g.*, *Aguilar Tanchez v. Noem,* 2026 WL 125184, at *11-12 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, 2025 WL 2996643, at *6 (D. Colo. Oct. 24, 2025).

[9]   *See, e.g.*, *Lopez*, 2026 WL 165490, at *7 (collecting cases concluding that § 1226(a) is the governing statutory framework).

[10]   *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302, at *5-12 (W.D. Okla. Dec. 26, 2025).

*Warden, Fed. Det. Ctr. Miami,* 175 F.4th 1258, 1284-85 (11th Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.,* 175 F.4th 828, 856 (7th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026); *Avila v. Bondi,* 170 F.4th 1128, 1134-35 (8th Cir. 2026). The Court concludes that § 1226(a) governs Petitioner's detention.[11]

Petitioner has been unlawfully detained since March 2026, *see* Doc. 11, at 7-8, without the bond hearing he is entitled to by law. Normally, at a bond hearing authorized under § 1226(a), the noncitizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *Matter of Guerra,* 24 I. & N. Dec. 37, 40 (BIA 2006). Given Petitioner's prolonged detention under the incorrect statute, the Court should find that it is more appropriate for the Government to bear the burden of proof in this context. *See, e.g., Garcia Cortes v. Noem*, 2025 WL 2652880, at \*5 (D.

---

[11]    Petitioner's asylum request does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at \*3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at \*1 (W.D. Okla. Jan. 2, 2026)); *see also Hernandez Alvarez*, 175 F.4th at 1284-85 ("This argument fails at the gate. Section 1225(b)(2)(A) makes it clear that an applicant for admission's status as one 'seeking admission' becomes relevant upon examination by an immigration officer, which occurs *before* a § 1229a proceeding even commences." (quoting 8 U.SC § 1225(b)(2)(A)).

Colo. Sept. 16, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner has now been detained without a bond hearing for over two months, depriving him of a core liberty interest.

Under these circumstances, at any bond hearing, the Government ought to bear the burden of proving that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. And the clear and convincing standard that generally "applies to civil detention where liberty is at stake" is appropriate here as well. *See L.G.*, 744 F. Supp. 3d at 1186 (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979)).

## IV.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. At such hearing, Respondents must bear**

**the burden of proof by clear and convincing evidence that Petitioner poses a risk of flight or danger to the community.**

**The undersigned further recommends that the Court order the Government to certify compliance by filing a status report within ten business days of the Court's order**, and to promptly provide a copy of this order to Counsel for the Warden of the Cimarron Correctional Facility.

The undersigned also recommends the Court deny as moot Petitioner's motion to expedite, Doc. 13. The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by June 8, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[12] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right

---

[12]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 5th day of June, 2026.

_____

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

9